**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANA JUDD; GREGORY CURFMAN, Plaintiffs - Appellants, v. PAMA BANGEMAN; et al., Defendants - Appellees. | No. 07-56815 D.C. No. CV-06-01061-ODW MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted November 17, 2009[**]

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Dana Judd and Gregory Curfman appeal pro se from the district court's

judgment dismissing their action brought under 42 U.S.C. § 1983 and the

Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

LA/Research

1961-1968 . We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (*Rooker-Feldman* doctrine); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (judicial immunity); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (failure to state a claim). We affirm.

The district court properly dismissed the claims against the state court judges because they are entitled to absolute immunity for actions undertaken in their judicial capacities. *See* 42 U.S.C. § 1983 (barring injunctive relief against a judicial officer "unless a declaratory decree was violated or declaratory relief was unavailable.").

The district court properly dismissed the RICO claim because plaintiffs failed to allege with sufficient particularity a pattern of racketeering activity cognizable under the RICO statute. *See* Fed. R. Civ. P. 9(b); *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004); *see also Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (explaining that Rule 9(b)'s requirements apply to RICO actions alleging the predicate act of mail fraud).

Appellants' remaining contentions are unpersuasive.

**AFFIRMED**.